THE STATE ex rel. SOUTHMAYD vs. SPOONER, Commissioner of Insurance.

INSURANCE COMPANIES. *(1) Duty of Commissioner of Insurance. (2) When license of foreign insurance company to be revoked.*

1. It is not the duty of the commissioner of insurance to prosecute insurance companies or their agents for penalties incurred by them under section 1974, R. S.

2. Said section 1974 provides that no corporation doing insurance business in this state, against which a final judgment shall have been recorded in any court of this state, shall, after sixty days from the rendition of such judgment, and whilst the same remains unpaid, issue any new policy; and ch. 171 of 1879 requires the commissioner of insurance to revoke the authority of any foreign insurance company to do business in this state, upon its persistent violation of any law regulating such corporations. *Held,* that where, after judgment against a foreign insurance company in a lower court, it has in good faith taken an appeal and given the required undertaking for payment of the judgment if affirmed, it is under no obligation to *pay* the judgment pending the appeal, and the statutes cited do not apply.

PETITION for a Writ of *Mandamus.*

On the relator's petition, an alternative writ of *mandamus* issued from this court on the 23d of September, 1879, addressed to *Philip L. Spooner, Jr.,* Commissioner of Insurance of this state. The writ recited that on the 3d of May, 1879, a final judgment for $525.97 was rendered in the county court of Milwaukee county, in favor of the relator and against The Watertown Fire Insurance Company of Watertown, New York; that written notice of the entry of such judgment was given on the same day to the attorneys of record for said company in said action; that said company for a long time prior thereto had been, and for more than sixty days after the rendition of said judgment was, and still continued to be, an insurance corporation engaged in the business of insurance in this state, and since February 1, 1879, had been permitted to transact such business here under a license issued to it by this state; that said judgment remained unpaid for more than sixty days from the rendition thereof, and still remained wholly unpaid; that said company, after the expiration of said sixty days, issued, and was still issuing, new policies of insurance within this state; that the relator, on or about July 10, 1879, presented to the commissioner of insurance the certificate of the clerk of said county court that said judgment remained wholly unsatisfied of record, and that no appeal had been taken therefrom, with his (the relator's) own affidavit that no part of said judgment had been paid, and afterwards notified said commissioner that said company was issuing policies of insurance within this state, although said judgment remained unpaid, and had demanded that the commissioner should prosecute said company and its agents issuing such policies, for the penalties provided by law for such violation of the statutes of this state, and had tendered to him evidence of the facts, and had demanded of him that he revoke the license so granted to said company; that said commissioner had nevertheless hitherto unjustly refused to prosecute said company and its

said agents, or to revoke the license of the company, to the injury of the relator. The writ thereupon commanded said commissioner that, immediately on receipt thereof, he should prosecute said company and its said agents, and revoke said license, or show cause, etc.

To this writ the respondent made a return, the substance of which will sufficiently appear from the opinion. The relator demurred to the return as insufficient, and asked for a peremptory writ.

*J. G. Flanders*, for the demurrant.

*J. P. C. Cottrill, contra*.

COLE, J. It appears from the return made by the commissioner of insurance to the alternative writ, that judgment against the company and in favor of the relator was entered in the county court of Milwaukee county on the third day of May, 1879; that immediately upon the rendition of such judgment the counsel for the company took steps to perfect an appeal in the cause to this court; that they at once ordered a copy of the stenographer's notes of the trial, with a view to preparing a bill of exceptions; that such bill was actually settled and signed by the judge on the third day of July, 1879; that on the twelfth day of that month the appeal was perfected by due service of a notice of appeal, together with an undertaking for costs and to stay execution according to sections 3052 and 3053 of the Revised Statutes. Now the question on the demurrer is, whether these facts are a sufficient answer in law to the writ. The writ required the commissioner to prosecute the various agents of the insurance company, within this state, who have issued new policies of insurance since the second day of July, 1879, for the penalties prescribed by statute, and to revoke the license of the company, because this judgment against the company remained unpaid after the expiration of sixty days from its rendition.

Section 1974, R. S., provides that no insurance corporation

doing any kind of insurance in this state, against which a final judgment shall have been recorded in any court of this state, shall, after sixty days from the rendition of such judgment, and whilst the same remains unpaid, issue any new policy of insurance; and in case the officers or agents of the company violate the provisions of this section, the company forfeits the sum of $1,000, and the agent knowingly violating the section forfeits not less than $100 nor more than $500. Chapter 171, Laws of 1879, makes it the duty of the commissioner to take cognizance of the insurance laws of this state, and to bring such violations to the attention of any company; and in case of the persistent violation of any such laws in respect to any company, it is made his duty, in case of a foreign company, to revoke its authority to do business in this state. In the return the commissioner admits, upon information and belief, that after the expiration of sixty days from the rendition of the judgment, and while the same remained unpaid, the insurance company issued new policies; but the commissioner denies that this was, under the circumstances, any violation of law.

We are inclined to the opinion that this view is correct, and that the facts stated show a sufficient excuse for not complying with the mandate of the writ. We do not understand that it is made the duty of the commissioner to prosecute for penalties, if any have been incurred under the statute. That duty is imposed upon another officer of the government. Nor do we think the commissioner would have been justified, upon the facts, in revoking the license of the company. The manifest object of the statute is to compel insurance companies to pay their debts which have gone into judgment, and, consequently, the law prohibits them from doing business in this state unless they pay and discharge final judgments due and payable within sixty days after their rendition. A question was made on the argument, whether a judgment which had been appealed from could be said to be "final," within the

meaning of that word in the act, and whether the statute does not refer to a judgment or judicial decision which has passed beyond review, where no further hearing of the cause can be had. Waiving, however, that question, it will be observed that the statute speaks of a final judgment which shall, after sixty days from its rendition, *remain unpaid*. Now this language imports, *ex vi termini*, a judgment due and payable— one which the judgment debtor is bound to pay. Where a party in good faith takes an appeal from a judgment, and gives an undertaking to pay such judgment in case it is affirmed, he is surely not under obligation to go on and discharge the judgment by paying it. If he is, then it is manifest that his appeal and stay amount to nothing, and really do him no good. See Tay. Stats., ch. 132, § 44. It certainly must not be assumed that the legislature intended to deprive insurance companies of the benefit and right of appeal, or require them to stop transacting business until the appeal is determined. This would be the consequence were we to give the statute the construction contended for by the learned counsel for the relator. We therefore hold that the insurance company, by taking an appeal from the judgment in good faith, and giving the requisite undertaking to stay execution, took away the payable or dischargeable quality of the judgment, if we may so speak, and relieved itself from the obligation to pay the same until the appeal was disposed of.

It follows from these views, that the facts set up in the return by the commissioner constitute a sufficient answer in law for his not revoking the license of the company to do business in this state.

*By the Court.* — The demurrer to the return is overruled.